UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

PAUL EDWARD JACKSON,

        Plaintiff,                                Case No. 1:07-cv-1086

v.                                                     Honorable Robert Holmes Bell

ALLEGAN COUNTY JAIL et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I. <u>Factual allegations</u>

Plaintiff is a pre-trial detainee at the Allegan County Jail. In his *pro se* complaint, he sues the Allegan County Jail, the Allegan County Sheriff's Department, The Allegan County Insurance Company(s), the Allegan County Administration, the Allegan County Sheriff's Office, John Does #1-20 and Jane Does #1-20. Plaintiff's complaint concerns the conditions of his confinement at the Allegan County Jail. He contends that the denial of contact visits with his family violates his Eighth Amendment right against cruel and unusual punishment, because he is only a pre-trial detainee and has not been convicted of any crime. Plaintiff is limited to visiting his family through a glass partition or over the telephone. Plaintiff contends that convicted prisoners in state prison are permitted contact visits with their families and can purchase pizza, pop, potato chips and candy bars. Plaintiff seeks monetary damages of $350,000 for his mental anguish.

II. <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges that his Eighth Amendment rights are being violated because he is not permitted contact visits with his family. The Eighth Amendment does not apply directly to jail detainees, because it only protects those who have been convicted of crimes. *See Whitley v. Albers*, 475 U.S. 312, 318 (1986). However, the substantive due process component of the Fourteenth Amendment provides protection for jail detainees that are analogous to the Eighth Amendment protections for convicted prisoners. *See Barber v. City of Salem*, 953 F.2d 232, 235 (6th Cir. 1992) ("While a pretrial detainee does not enjoy protection of the Eighth Amendment, the Eighth Amendment rights of prisoners are analogous to pretrial detainees' due process rights under the Fourteenth Amendment."); *see also Bell v. Wolfish*, 441 U.S. 520, 545 (1979) (holding that pretrial detainees who have not been convicted of any crimes retain at least the same constitutional rights enjoyed by convicted prisoners). Thus, my review of Plaintiff's substantive due process claims will be guided by Eighth Amendment principles.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "Not every unpleasant experience a prisoner might

endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Contrary to Plaintiff's assertion, pretrial detainees at county jails have no constitutional right to contact visitation. *Block v. Rutherford*, 468 U.S. 576, (county jail's blanket prohibition against contact visits between pretrial detainees and their spouses, relatives, children, and friends was an entirely reasonable, nonpunitive response to legitimate security concerns and was consistent with the Fourteenth Amendment)*; O'Bryan v. County of Saginaw*, 741 F.2d 283, 284-85 (6th Cir. 1984); *see also Toussaint v. McCarthy*, 801 F.2d 1080, 1113 (9th Cir. 1986) (denial of contact visitation in state prisons did not constitute cruel and unusual punishment in violation of the Eighth Amendment) (citing similar holdings in the 1st, 2d, 3d, 4th, 5th, 6th, and 10th Circuit Courts of Appeal). "Denial of contact visitation simply does not amount to the infliction of pain." *Toussaint,* 801 F.2d at 1113. Plaintiff still can receive visits from friends, family members, and others; he simply faces a restriction on the method by which they may visit. Accordingly, Petitioner fails to state a substantive due process claim arising from his visitation restriction.

Moreover, Plaintiff's inability to purchase pizza, pop and other snack foods fails to state a claim under the Substantive Due Process Clause. Plaintiff does not allege that he was denied sufficient food on a daily basis or that he could not maintain his health based on the diet provided him at the jail. *See Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982); *Sims v. Mich. Dep't of Corr.*, 23 F. App'x 214, 216 (6th Cir. 2001). In the absence of such an allegation, the Court cannot find that Plaintiff was denied the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347.

Plaintiff further claims that unlike prisoners at the Allegan County Jail convicted prisoners in state prison are permitted contact visits with their families and can purchase pizza, pop, potato chips and candy bars. Plaintiff's allegations implicate the Equal Protection Clause. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). Because a fundamental right is not implicated in this case and Plaintiff does not allege that he is a member of a suspect class, he is not entitled to strict scrutiny. Instead, the decision to deny Petitioner's parole need only be rationally related to a legitimate governmental interest. *See United States v. Kras*, 409 U.S. 434, 446 (1973); *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).

Plaintiff's equal protection claim clearly is without merit. Prisoners at a county jail are not similarly situated with state prison inmates. Prisoners held in county jails are pre-trial detainees or convicted persons serving sentences of less than one year. Thus, the term of incarceration in a county jail is shorter in duration than that of a prisoner in the custody of the Michigan Department of Corrections. Furthermore, the visitation restriction is rationally related to the security of the jail. Unlike state prisons, where all of the prisoners at a particular facility or unit are classified to the same security level, county jails must manage prisoners of all security levels in one. Likewise, given the costs associated with operating a store or commissary to sell snacks to prisoners, the lack of a store at the jail for prisoners to purchase snack foods is rationally related to the conservation of county resources.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:  December 19, 2007         /s/  Joseph G. Scoville
                                  United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).