UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL EDWARD JACKSON, #205792,       )
                                    )
            Plaintiff,              )     Case No. 1:07-cv-1086
                                    )
v.                                  )     Honorable Robert Holmes Bell
                                    )
ALLEGAN COUNTY JAIL, et al.,        )
                                    )
            Defendants.             )
_____)

**REPORT AND RECOMMENDATION
ON MOTION TO AMEND COMPLAINT**

This is a civil action brought *pro se* pursuant to 42 U.S.C. § 1983.  Plaintiff filed his complaint on October 29, 2007, while he was a pretrial detainee at the Allegan County jail.  Plaintiff is currently a state prisoner at the Charles Egeler Reception and Guidance Center located in Jackson, Michigan.  (docket # 7).  Plaintiff's complaint alleged that the denial of contact visits with his family while he was a pretrial detainee violated his Eighth Amendment rights.  On December 19, 2007, I entered a report and recommendation (docket # 5), recommending that plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2), 1915A(b) and 42 U.S.C. § 1997e(c) for failure to state a claim.  Plaintiff did not file objections to the report and recommendation.

On January 4, 2008, plaintiff filed a document captioned as a motion to amend his complaint.  (docket # 8).  Plaintiff seeks to amend the complaint to include an allegation that on December 15, 2007, plaintiff was "denied a visit from his girlfriend who is pregnant with his child because she had a felony conviction within the last three (3) years."  (*Id.*, ¶ 1).  Plaintiff alleges that

this incident constituted "cruel and unusual" punishment in violation of his Eighth Amendment rights, and he seeks to amend his complaint to request an additional $500,000.00 in damages. (*Id.*, at 2).

"A motion for leave to amend may be denied for futility 'if the court concludes that the pleading as amended could not withstand a motion to dismiss.'" *Midkiff v. Adams County Regional Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005)(quoting *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 249 (6th Cir.1986)); *see Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). It is patent that plaintiff's proposed amendment could not withstand a motion to dismiss. As stated in the earlier report and recommendation (docket # 5 at 3-4), plaintiff did not have a constitutional right to visitation by family members. *See Block v. Rutherford*, 468 U.S. 576, 588 (1984); *O'Bryan v. County of Saginaw*, 741 F.2d 283, 284-85 (6th Cir. 1984). Plaintiff did not have any liberty or property interest in visitation by his girlfriend protected by the Fourteenth Amendment's Due Process Clause. *See Bazzetta v. McGinnis*, 430 F.3d 795, 804 (6th Cir. 2005). His statement that his girlfriend was "not on probation or parole" (docket # 8, ¶ 4) does nothing to negate the fact of her felony conviction. A felony conviction has serious long-term consequences extending well beyond any period of incarceration. Plaintiff's argument that he and his loved ones were being "punished twice" because they had "already paid for" his girlfriend's felony conviction (*Id.*, ¶ 3) is frivolous. Moreover, as a *pro se* litigant, plaintiff cannot represent anyone other than himself on his own claims. *See* 28 U.S.C. § 1654. A jail policy prohibiting visitation by convicted felons is certainly "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Convicted felons pose a substantial security risk. Monitoring the entry and movement of such individuals within the jail would demand diversion of personnel and other limited resources.

Plaintiff had other means of communicating with his girlfriend such as written correspondence or telephone calls.  *See e.g.*, *Dewitt v. Wall*, No. 01-65 T, 2001 WL 1136090 (D. R.I. July 31, 2001); *Young v. Vaughn*, No. Civ. A. 98-4360, 2000 WL 1056444, at * 2 (E. D. Pa. Aug. 1, 2000).

**Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's motion for leave to amend his complaint (docket # 8) be denied as futile.

Dated:   January 24, 2008          /s/  Joseph G. Scoville
                                   United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).